## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| RICHARD MARTIN, an individual, | |
| Plaintiff, | |
| vs. | Civil Action No. |
| JOBO'S, INC., d/b/a BJ Roosters, a corporation, and ROBERT HAMILL and JOHN MOLINARI, individuals, | |
| Defendants. | |

## COMPLAINT

NOW COMES Plaintiff Richard Martin, by and through his attorneys, against Jobo's, Inc., d/b/a BJ Roosters, and Robert Hamill and John Molinari (collectively "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.

Minimum wage and overtime laws mark the boundary between a humane society and its Industrial Era precursor of child labor, company scrip and eighteen-hour workdays. In recognition of this distinction, the United States Congress has enacted and enforced wage and hour laws. This action arises from an ongoing wrongful scheme by Defendants to turn back the clock by denying their employees

any wage at all. Defendants' scheme is so far removed from the modern era that it involves requiring its employees to work without any wage at all.

2.

Plaintiff Richard Martin hereby alleges that, during his employment, Defendants have maintained a pattern and practice of not paying him any wages or overtime wages, failing to provide proper time for required lunch and rest breaks, and otherwise failing to provide statutorily mandated wages and compensation.

3.

This action is brought under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201, 207, and 216(b) to recover unpaid wages, unpaid overtime wages and other wages that Plaintiff was not paid in violation of the laws of the United States.

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction under 28 U.S.C. §1331, as this civil action is brought pursuant to 42 U.S.C. §201, et al., commonly known as the FLSA. Plaintiff does not assert any cause of action that is subject to any collective bargaining agreement.

5.

This court has personal jurisdiction over the parties to this action as a result of Defendants' wrongful acts in the City of Atlanta, in the Northern District of Georgia.

6.

Upon information and belief, venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S. C. §1391(b) because, inter alia, all Defendants reside or have their principle place of business within the State of Georgia and/or a substantial part of the events or omissions giving rise to the claim occurred in this District.

**THE PARTIES**

7.

The Plaintiff, Richard Martin, is an individual residing in Atlanta, DeKalb County, Georgia. Martin is a former employee of Defendants. Martin worked as a bartender for Defendants from mid-May 2010 until July 27, 2013. During his period, Defendants never paid him any wage of any kind. In fact, Plaintiff was required to pay out of pocket to work for Defendants for each and every shift he worked. Plaintiff Martin has given his consent to participate in the lawsuit in writing.

8.

Defendant Jobo's, Inc., d/b/a BJ Roosters, has acted in a conspiracy to carry out this illegal enterprise since at least 2009. Defendant Jobo's, Inc. is incorporated under the laws of the state of Georgia and can be served via its registered agent, Mindy Thompson, at 3789 Roswell Rd., Atlanta, Georgia 30342.

9.

Robert Hamill and John Molinari, as owners and officers of Jobo's, Inc., have acted in a conspiracy to carry out this illegal enterprise since at least 2009. Robert Hammill is CEO and Secretary of Jobo's, Inc., and John Molinari is CFO of Jobo's, Inc. Defendants Hamill and Molinari can be served at their primary place of business located at 2043 Cheshire Bridge Road NE, Atlanta, Georgia 30324, or wherever else they may be found.

**FACTUAL ALLEGATIONS**

10.

Defendants operate a successful and long-lived bar and club catering primarily to a homosexual male clientele and featuring male "go-go" dancers performing throughout the establishment. The business of Defendants is to provide provide alcoholic beverages and various types of entertainment to customers while scantily-clad dancers perform in the club. Defendants have at all relevant times done business in the State of Georgia.

4

11.

The minimum wage, overtime wage and tip credit policies have applied and been controlling on Defendants at all times. Specifically, Defendants are an enterprise engaging in commerce and have revenues and do business transactions in excess of $500,000 a year. Furthermore, Plaintiff's bartender job is not a position involving work that would fall under the exemptions provided to 29 U.S.C. § 213(a)(1) of the FLSA.

12.

Defendants have at all relevant times classified bartenders employed in the club—including Plaintiff—as independent contractors. This false classification has been occurring for at least the past three years (the "Employment Period"). Even though their bartenders have been classified as independent contractors, Defendants have exercised at least the following controls over Plaintiff:

(1)     Defendants set the schedule, including the days and hours, that Plaintiff was required to work as a bartender at BJ Roosters (hereinafter "the Club");

(2)     Defendants have penalized Plaintiff for taking vacation or days off by afterwards taking away more desirable shifts;

(3)     Defendants required Plaintiff to pay a $5.00 "cleaning fee" at the beginning of each shift, despite the fact that Plaintiff was responsible for cleaning duties;

(4)     Defendants required Plaintiff to attend "employee meetings," for which Plaintiff was not compensated;

(5)     Defendants required Plaintiff to assist in moving the Club into a new building, for which Plaintiff was not compensated;

(6)     Defendants required Plaintiff to accept deliveries to the Club, conduct inventories, and participate in health inspections by city and/or state government entities;

(7)     Defendants gave Plaintiff keys to the Club and required Plaintiff to open the club daily;

(8)     Defendants regularly required Plaintiff to work in excess of 40 hours per week at the Club.

13.

Defendants have recklessly and maliciously failed to pay Plaintiff any wages at all, including minimum wage or overtime wages as required by 29 U.S.C. § 201 et seq.

6

## COUNT I
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF 29 U.S.C. §206

14.

Plaintiff hereby incorporates Paragraphs 1–13 of this Complaint as if fully restated herein.

15.

At all times relevant herein, Plaintiff performed work for which the minimum wage should have been paid to him, but for which has been paid no wages of any kind by Defendants, in violation of the FLSA provisions requiring the payment of minimum wage.

16.

At all relevant times, Defendants were and are legally responsible for all of the wrongful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff.

17.

At all relevant time, the unlawful conduct against Plaintiff, as described in each and all of the foregoing paragraphs, was actuated, in whole, in such a way as to bring benefit to Defendants at the expense of Plaintiff. The unlawful conduct described in each and all of the foregoing paragraphs was at all relevant times reasonably foreseeable by Defendants and committed under the actual or apparent authority of Defendants Jobo's Inc., Robert Hamill, and John Molinari.

18.

These actions were compounded by Defendants' failure to provide notice to Plaintiff they intended to utilize the tip-credit provisions of the FLSA and Defendants' requirement that Plaintiff surrender $5.00 per shift to Defendants was for the personal enrichment of Defendants.

19.

Upon information and belief, since at least three years before the time of this filing, the practices and policies that are complained of herein were enforced against Plaintiff. Plaintiff was denied proper minimum wage compensation in violation of 29 U.S.C. § 206. There has been no good faith attempt on the part of Defendants to comply with the provisions of the FLSA. Therefore, these violations constitute a willful violation of the minimum wage provisions in violation of the FLSA as provided for in 29 U.S.C. §255.

20.

Plaintiff has consented in writing to be part of this action pursuant to 29 U.S.C. § 216(b).

21.

Defendants' wrongful and illegal conduct has deprived Plaintiff of the minimum wage to which he is statutorily entitled in an amount to be determined.

Additionally, Plaintiff is entitled to his attorney's fees, expenses and costs incurred in bringing this action as provided by 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE OVERTIME WAGE PROVISIONS OF**
**29 U.S.C. §207**

22.

Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1–21, as if specifically set forth herein.

23.

Pursuant to 29 U.S.C. § 207, Plaintiff is entitled to be compensated at one and one half times his regular wage for each and every hour worked over forty hours in any given workweek.

24.

The overtime provisions of the FLSA apply to Plaintiff.

25.

Defendants have committed *prima facia* violations of 29 U.S.C. § 207 by failing to pay Plaintiff any wage whatsoever.

26.

Defendants' violations of these provisions are intentional. No good faith attempt to comply with the FLSA has been made. Defendants have paid no wages to Plaintiff, much less appropriate overtime wages. Defendants are liable to

9

Plaintiff for his unpaid wages, liquidated damages, attorney's fees and costs, interest, and other such relief as provided in 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff prays that this Court:

    (a)    Find that Defendants have willfully violated 29 U.S.C. §§ 206-207 by failing to pay Plaintiff minimum and overtime wages;

    (b)    Issue a judgment against Defendants for all unpaid wages, illegal fees, interest, attorney's fees and costs and all other allowed forms of relief as provided by 29 U.S.C. § 216(b);

    (c)    Issue a judgment for liquidated damages in an amount equal to the above mentioned judgment as provided in 29 U.S.C. § 216(b); and

    (d)    For such other and further relief as is just and equitable.

Plaintiff hereby demands a TRIAL BY JURY.

Respectfully submitted this 23rd day of December 2013.


/s/ W. Anthony Collins, Jr.

Smith Collins, LLC                    W. Anthony Collins, Jr.
8565 Dunwoody Place                   Georgia Bar No. 141712
Building 15, Suite B
Atlanta, GA 30350                     *Attorney for Plaintiff*
(770) 378-1408
wicollin@hotmail.com