IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICHARD MARTIN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JOBO'S, INC., d/b/a BJ Roosters, a corporation, and ROBERT HAMILL and JOHN MOLINARI, individuals,<br><br>Defendants. | Civil Action No. 1:13-cv-4242-RLV |

**PLAINTIFF'S INITIAL DISCLOSURES**

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

RESPONSE: This action is brought pursuant to the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*). Richard Martin (hereinafter "Plaintiff") worked as a bartender at BJ Roosters from May 2010 until the end of July 2013. Jobo's Inc., Robert Hamill and John Molinari (hereinafter "Defendants") employed Plaintiff.

During the more than three (3) years that Plaintiff was employed, Defendants never paid Plaintiff any wages whatsoever. For instance, Plaintiff was

not compensated for the hours he worked bartending, or for meetings that he was forced to attend. Plaintiff even had to pay a bar cleaning fee each time he worked even though he was the one who did the cleaning. As a result, Plaintiff seeks recovery for the minimum and overtime wages he is due, liquidated damages, repayment of all illegally imposed fees, and payment of reasonable attorney's fees and costs of litigation.

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

RESPONSE: This action is brought pursuant to the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*), particularly §§ 206 (minimum wages), 207 (overtime wages), and 216(b).

This case is factually similar to numerous other FLSA actions brought against adult entertainment establishments in previous years, many of which are still ongoing. Among those, the most significant is <u>Clincy et al. v. Galardi South Enterprises, Inc. d/b/a/ The Onyx et al.</u>, Civil Action No. 09-CV-2082-RWS (N.D. Ga. 2009).

**(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to**

**support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

RESPONSE: See Attachment A. Plaintiff reserves the right to supplement this witness list as additional witnesses are identified or ascertained.

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

RESPONSE: Plaintiff has not yet declared any expert witnesses for use at trial. Should he do so, Plaintiff will supplement his response to this disclosure as necessary, in accordance with applicable rules of procedure.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

RESPONSE: Plaintiff only has photographs of some work schedules. Plaintiff is not aware of any additional documents or tangible evidence in his possession that he might use to support his claims.

Plaintiff reserves the right to supplement this list of documentary and tangible evidence if such documents or evidence are later identified.

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34.**

RESPONSE: Plaintiff is unable to precisely calculate the damages to which he is entitled to at this time. All damages are based on unpaid minimum and overtime wage, illegal fees paid by Plaintiff to Defendants, and attorney's fees and costs of litigation. At this time, Plaintiff can only roughly estimate the number of hours he worked for Defendants and the amount of fees he paid to Defendants. Furthermore, many elements of a damages calculation, like liquidated damages, punitive damages, and attorney's fees, are within the sound discretion of the jury or the Court and cannot be determined.

Plaintiff does not possess any documents or other evidentiary material reflecting the precise damages to which he is entitled. Plaintiff anticipates that all such documents or other evidentiary material is in the possession of Defendants.

**(7) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.**

RESPONSE: Not applicable.

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs' cause of action and state the basis and extent of such interest.**

RESPONSE: No known individuals have any subrogation interest in this action.

Dated: November 19, 2014

                                      SMITH, COLLINS & FLETCHER, P.A.

                                      */s/ W. Anthony Collins, Jr.*

8565 Dunwoody Place         W. Anthony Collins, Jr.
Building 15, Suite B           Georgia Bar No. 141712
Atlanta, Georgia 30350       *Anthony@SCandF.com*
Phone: (678) 245-6785
Fax: (888) 413-3031

                                      *Attorney for Plaintiff*

## ATTACHMENT A

1.  Gary Todd Drews, whereabouts and phone number unknown at this time. Mr. Drews is a former employee of Defendants. He worked as a bartender. He is likely to have general knowledge regarding the claims and defenses asserted in this litigation.

2.  Robert Hamill, Defendant and therefore may be contacted only through Defendants' counsel. As owner/manager of the nightclub, Mr. Hamill is likely to have general knowledge regarding the claims and defenses asserted in this litigation.

3.  Richard Martin, c/o Smith Collins & Fletcher, P.A., 8565 Dunwoody Place, Building 15, Suite B, Atlanta, Georgia 30350. Mr. Martin is a former employee of Defendants and the Plaintiff in this matter. He is likely to have discoverable information related to the hours he worked for Defendants without compensation, fees he was required to pay to Defendants in order to work, Defendants' policies and controls over their employees, and other facts contained in Plaintiff's Complaint.

4.  John Molinari, Defendant and therefore may be contacted only through Defendants' counsel. As owner/manager of the nightclub, Mr. Molinari is

    likely to have general knowledge regarding the claims and defenses asserted in this litigation.

5. Other current and former employees of Defendants whose identities are not yet known to Plaintiffs.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RICHARD MARTIN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> JOBO'S, INC., d/b/a BJ Roosters, a corporation, and ROBERT HAMILL and JOHN MOLINARI, individuals, <br><br> Defendants. | Civil Action No. 1:13-cv-4242-RLV |

## L.R. 7.1 CERTIFICATION & CERTIFICATE OF SERVICE

I hereby certify that this document has been prepared with one of the font and point selections approved by the court in LR 5.1 or, if type written, that the brief does not contain more than 10 characters per inch of type. This document was prepared in Times New Roman 14 point font.

I further I hereby certify that on the date signed below, I electronically filed PLAINTIFF'S INITIAL DISCLOSURES with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

J. Larry Stine
jls@wimlaw.com

Elizabeth K. Dorminey
edorminy@bellsouth.net

Dated: November 21, 2014

                                            SMITH, COLLINS & FLETCHER, P.A.

                                            */s/ W. Anthony Collins, Jr.*

8565 Dunwoody Place          W. Anthony Collins, Jr.
Building 15, Suite B           Georgia Bar No. 141712
Atlanta, Georgia 30350        *Anthony@SCandF.com*
Phone: (678) 245-6785
Fax: (888) 413-3031

                                            *Attorney for Plaintiff*