IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RICHARD MARTIN,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**JOBO'S, INC., d/b/a BJ Roosters, ROBERT HAMILL, and JOHN MOLINARI,**<br><br>**Defendants.** | Civil Action No. 1:13-cv-04242-RWS |

**JOINT STATUS REPORT and**
**JOINT MOTION FOR SCHEDULING ORDER**

Plaintiff Richard Martin, Defendants Jobo's, Inc., Robert Hamill, and John Molinari, by and through the undersigned counsel, and pursuant to this Court's Orders of October 8, 2014 [Dkt. 19], April 23, 2015 [Dkt. 22], and May 13, 2015 [Dkt. 27], hereby submit this Joint Status Report and Joint Motion for Scheduling Order setting out deadlines for dispositive motions, showing the Court as follows:

**STATUS REPORT**

I.  **NATURE OF CASE**

This is a Fair Labor Standards Act minimum wage and overtime action.

## II.  ATTORNEY NAME AND PARTY REPRESENTED

Charles R. Bridgers – Counsel for Plaintiff

Kevin D. Fitzpatrick, Jr. – Counsel for Plaintiff

Matthew W. Herrington – Counsel for Plaintiff

J. Larry Stine – Counsel for Defendants

Elizabeth K. Dorminey – Counsel for Defendants

## III.  BASIC PROCEDURAL INFORMATION

Plaintiff's Complaint was filed on December 23, 2013. [Dkt. 1]. Defendants filed their Answer on January 14, 2014. [Dkt. 4]. There are no named Defendants who have not yet been served.

## IV.  OUTLINE OF THE CASE/CONTENTION OF THE PARTIES

### a.  Background Facts and Contentions of the Parties

Plaintiff Richard Martin alleges that he worked as a bartender for Defendants from mid-May 2010 until July 27, 2013, and that he was not paid any wages during most of his employment. He further alleges that Defendants improperly required him to pay fees in violation of the FLSA's "free and clear" requirement, and that he was required to participate in an illegal mandatory tip pool with employees who were not customarily tipped.

Defendants deny that Plaintiff was an employee throughout the majority of the time he alleges, that they failed to pay any wages to Defendant, that they required they required Plaintiff to pay fees or contribute to an illegal tip pool, and that Plaintiff is entitled to any recovery under the FLSA.

b.  **Main Issues for Trial**

- The dates of Plaintiff's employment by Defendants.
- Whether Defendants required Plaintiff to pay fees.
- Whether Defendants required Plaintiff to participate in a mandatory tip pool with employees who were not customarily tipped.
- What amount, if any, Defendants paid to Plaintiff in wages.
- What amount, if any, Plaintiff is entitled to receive in back wages.
- Whether Defendants' violations of the FLSA, if any, were willful so as to extend the statute of limitations to three years.
- What amount, if any, Plaintiff is entitled to receive in liquidated damages.

## V.     DISCOVERY OUTSTANDING

**a.     The Parties have conducted the following discovery in this case:**

Defendants served Interrogatories and Requests for Production of Documents on Plaintiff on March 17, 2014. [Dkt. 7]. Plaintiff served his Answers and Objections to Defendants' written discovery requests on April 10, 2014. [Dkt. 9].

Plaintiff served his First Continuing Interrogatories and Request for Production of Documents on Defendant Jobo's, Inc. on March 20, 2014. [Dkt. 8]. Defendant Jobo's, Inc. served its Responses to Plaintiff's written discovery requests on April 22, 2014. [Dkt. 10].

Defendants took the deposition of Plaintiff Richard Martin on May 5, 2014. [Dkt. 11]. Depositions of all Defendants were taken in connection with a related case, *Allen et al. v. Hamill et al.*, 1:13-CV-3768-RWS, Dkt. 40 & 41 (N.D. Ga. 2013).

**b.     Outstanding discovery:**

No further discovery is needed.

## VI.    MOTIONS PENDING OR EXPECTED TO BE FILED

No motions are currently pending. The Parties do not intend to file dispositive motions because the outcome of the case turns entirely on disputed questions of fact.

## VII.  TRIAL

The Parties agree that this case is appropriate for a non-jury trial.

## VIII.  CONTINGENCIES, PROBLEMS, SPECIAL CIRCUMSTANCES

The Parties do not foresee any contingencies, problems, or special circumstances that may affect the course of discovery, motions, or trial.

## XI.  DAMAGES OR RELIEF REQUESTED

Plaintiff seeks to recover minimum and overtime wages for all hours worked, restitution of the fees he paid out to Defendants, and restitution of the monies he paid into the illegal mandatory tip pool, in addition to liquidated damages in the same amounts, and his reasonable attorney's fees and costs of litigation. In his Amended Initial Disclosures, Plaintiff has calculated his damages at $50,380.25 in minimum wage back pay, $2,193.13 in overtime back pay, no less than $1,780 in restitution for illegally imposed fees and tip pooling, and equal amounts in liquidated damages, in addition to costs of litigation and reasonable attorney's fees.

Defendants deny that Plaintiff is entitled to any of the requested relief.

## X.  ALTERNATIVE DISPUTE RESOLUTION/MEDIATION

**a.  Please list any reasons why alternative dispute resolution would not be appropriate for this case:**

Plaintiffs were referred to mediation before Magistrate Judge Gerrilyn G. Brill on July 21, 2014. Mediation was held on August 26, 2014, but the parties were

unable to reach a settlement. [Dkt. 15]. The Parties do not believe that further mediation or alternative dispute resolution will be useful.

## XI.	PROSPECTS OF SETTLEMENT

The prospects of settlement of this case are **Poor**.

Plaintiff believes the following would improve the possibility of settlement: **N/A**.

Based upon your best evaluation of this case, the reasonable likelihood that this case will proceed to trial is: **High**.

Is there any other information that you wish to supply to this Court at this time? **No**.

## XII.	LEAVES OF ABSENCES AND SCHEDULING CONFLICTS

At present, counsel for Plaintiff anticipates leaves of absence on July 6-10 and July 16-28, and September 14-22 (Bridgers). At present, counsel for Defendants do not anticipate any leaves of absence. There are no other scheduling conflicts anticipated at this time. Counsel will promptly notify the Court should the necessity for any other leave of absence arise and/or if scheduling conflicts occur in the future.

## XIII. SIGNATURE

If more than one attorney represents a party, this Status report must be signed by <u>lead counsel</u>. If a party is not represented by counsel, the Status Report must be signed by the party. You are under a continuing obligation to serve a copy of this report on counsel or any *pro se* party.

### **JOINT MOTION FOR SCHEDULING ORDER**

Because no additional discovery is necessary and the Parties do not intend to file dispositive motions, as well as counsel's conflicting travel schedules, the Parties respectfully request that the Court allow them 30 days, through and including June 22, 2015, to complete and file a Joint Consolidated Pre-Trial Order pursuant to N.D. Ga. LR 16.4 and the Court's Standing Order Regarding Civil Litigation. A proposed Scheduling Order is attached hereto.

Respectfully submitted,

                                                       **DELONG, CALDWELL, BRIDGERS & FITZPATRICK, LLC**

                                                       */s/ Charles R. Bridgers*

3100 Centennial Tower             Charles R. Bridgers
101 Marietta Street                Ga. Bar No. 080791
Atlanta, Georgia 30303
(404) 979-3150                      */s/ Matthew W. Herrington*
(404) 979-3170 (f)                 Matthew W. Herrington
charlesbridgers@dcbflegal.com     Ga. Bar No. 275411

matthew.herrington@dcbflegal.com

Counsel for Plaintiff

**WIMBERLY, LAWSON, STECKEL, SCHNEIDER & STINE, P.C.**

Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia 30326
(404) 365-0900
(404) 261-3707 (f)
jls@wimlaw.com
edorminy@bellsouth.net

*/s/ J. Larry Stine*
J. Larry Stine
Ga. Bar No. 682555
Elizabeth K. Dorminey
Ga. Bar No. 225935

Counsel for Defendants

Pursuant to LR 7.1 NDGa, the undersigned counsel certifies that the within and foregoing document was prepared using Times New Roman (14 point), one of the fonts and point selections approved by the Court in LR 5.1 C NDGa.

*/s/ Matthew W. Herrington*
Matthew W. Herrington
Ga. Bar No. 275411