## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **RICHARD MARTIN,** | |
| **Plaintiff,** | |
| **vs.** | **Civil Action No. 1:13-cv-04242-RWS** |
| **JOBO'S, INC., d/b/a BJ Roosters, ROBERT HAMILL, and JOHN MOLINARI,** | |
| **Defendants.** | |

## JOINT PROPOSED CONSOLIDATED PRETRIAL ORDER

1.

There are no motions or other matters pending for consideration by the court except as noted:

**The parties may file appropriate motions in limine or other motions as necessary prior to trial.**

**The parties request a pretrial conference.**

**All motions in limine should be filed ten (10) days prior to the pretrial conference.**

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall,

however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

**No issue exists regarding the parties or joinder of a party.**

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court.

5.

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff:    Kevin D. Fitzpatrick, Jr.
             Georgia Bar No. 262375
             Charles R. Bridgers
             Georgia Bar No. 080791
             Matthew W. Herrington
             Georgia Bar No. 275411

**DeLong, Caldwell Bridgers & Fitzpatrick, LLC**
3100 Centennial Tower
101 Marietta Street, N.W.
Atlanta, GA 30303
Phone: 404-979-3150
Fax: 404-979-3170
Email:     kevin.fitzpatrick@dcbflegal.com
           charlesbridgers@dcbflegal.com
           matthew.herrington@dcbflegal.com

Defendant:   J. Larry Stine
             Ga. Bar No. 682555
             Elizabeth K. Dorminey
             Ga. Bar No. 225935

             **Wimberly, Lawson, Steckel, Schneider & Stine, P.C.**

             Suite 400, Lenox Towers
             3400 Peachtree Road, N.E.
             Atlanta, Georgia 30326
             Phone: (404) 365-0900
             Fax: (404) 261-3707
             Email:      jls@wimlaw.com
                         edorminy@bellsouth.net

6.

Normally, the plaintiff is entitled to open and close arguments to the jury (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

   **Not Applicable.**

7.

The captioned case shall be tried (__) to a jury or (_X_) to the court without a jury, or (____) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages.  State briefly the reasons why trial should or should not be bifurcated.

   **Not Applicable.**

3

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve.

10.

Attached hereto as Attachment "B-1" are the general questions which plaintiff wishes to be propounded to the jurors on voir dire examination.

**Not Applicable.**

Attached hereto as Attachment "B-2" are the general questions which Defendants wish to be propounded to the jurors on voir dire examination.

**Not Applicable.**

The court, shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any.  Counsel may be permitted to ask follow-up questions on these matters.  It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to Plaintiff's voir dire questions: Not Applicable.

State any objections to Defendants' voir dire questions: Not Applicable.

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members, unless the parties stipulate otherwise. The parties must state in the space provided below the basis for any requests for additional strikes.  Unless otherwise directed herein, each side as a group will be

allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed. R. Civ. P. Rule 47(b).

13.

State whether there is any pending litigation. Describe briefly, including style and civil action number.

Gary Drews v. Jobo's, Inc. d/b/a BJ Roosters et al, USDC ND GA, Civil Action No. 1:14-CV-03774-ODE

Charles Allen v. Robert Hamill, et al, USDC ND GA, Civil Action No. 1:13-CV-3768-RWS

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any

decision authorizing a recovery for that particular item of damage.  Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the non-cooperating counsel.

17.

The legal issues to be tried are as follows:

**By Plaintiff:**

(a)     What is the correct calculation of the total number of hours worked by Plaintiff;

(b)     Whether Defendants failed to pay Plaintiff at or above the minimum wage during any workweek from December 23, 2010 through July 2013 ("the compensable period");

(c)     If Defendants failed to pay Plaintiff at or above the minimum wage during any workweek during the compensable period, was their failure to do so willful such as to extend the FLSA statute of limitations for three years?

(d)     If Defendants failed to pay Plaintiff at or above the minimum wage during any workweek during the compensable period, should Defendants have known that they were not in compliance with the FLSA?

(e)     If Defendants failed to pay Plaintiff at or above the minimum wage during any workweek during the compensable period, did Defendants show a reckless disregard for the minimum wage requirements of the FLSA?

(f)     If Defendants failed to pay Plaintiff at or above the minimum wage during any workweek in a week during the compensable period, what is the correct calculation of unpaid wages due to Plaintiff?

(g)     What is the correct calculation of back pay owed to Plaintiff for violation of the minimum wage provisions of the FLSA;

(h)     Whether Plaintiff worked for Defendants in excess of forty hours in any work week during the compensable period;

(i)     Whether the evidence shows that Defendants knew or should have known that Plaintiff worked in excess of forty hours in any workweek;

(j)     What was the regular rate of pay applicable to Plaintiff during the compensable period?

(k)     What was the overtime rate (i.e., one and one half times the regular rate) applicable to Plaintiff during the compensable period?

(l)     Whether Defendants failed to pay Plaintiff at the overtime rate for time worked in excess of 40 hours ("overtime worked") in any workweek during the compensable period;

(m)     If Defendants failed to pay Plaintiff at the overtime rate for overtime worked any workweek during the compensable period, was their failure to do so an attempt to evade the requirements of the FLSA?

(n)     Whether Defendants acted in good faith such as to avoid an award of liquidated damages under the FLSA;

(o)     If Defendants failed to pay Plaintiff at the overtime rate for overtime worked in any workweek during the compensable period, was their failure to do so willful such as to extend the FLSA statute of limitations for three years?

(p)     If Defendants failed to pay Plaintiff at the overtime rate for overtime worked in any workweek during the compensable period, should Defendants have known that they were not in compliance with the FLSA?

7

(q)     If Defendants failed to pay Plaintiff at the overtime rate for overtime worked in any workweek during the compensable period, did Defendants show a reckless disregard for the maximum hours requirements of the FLSA?

(r)     If Defendants failed to pay Plaintiff at the overtime rate for overtime worked in any workweek during the compensable period, what is the correct calculation of unpaid wages due to Plaintiff?

(s)     Did Defendants require Plaintiff to pay them any monies as "cleaning fees" during his employment?

(t)     If Defendants required Plaintiff to pay them "cleaning fees" during his employment, did Plaintiff make such payments?

(u)     If Plaintiff paid Defendants "cleaning fees" during his employment, did those payments violate the "free and clear" provision of the FLSA, thereby rendering the FLSA's tip credit inapplicable to Plaintiff's wages due from Defendants.

(v)     If Plaintiff paid Defendants "cleaning fees" during his employment, what amounts did he pay them?

(w)     If Plaintiff paid Defendants "cleaning fees" during his employment, during which workweeks did he pay them?

(x)     The amount of reasonable attorney's fees and costs incurred by Plaintiff in pursuing this claim.

(y)     Whether Defendant Molinari is an "employer" of Plaintiff for the purposes of the FLSA.

(z)     Whether Plaintiff is an "employee" of Defendant Molinari for the purposes of the FLSA.

(aa)    Whether Jobo, Inc., rather than Jobo, LLC is a proper party to this action.

**By Defendants:**

(a)    Whether Defendants violated the minimum wage provisions of the Fair Labor Standards Act (FLSA).

(b)    Whether Defendants violated the overtime provisions of the FLSA.

(c)    Whether the two-year or three-year statute of limitations applies.

(d)    What damages, if any, did Plaintiff suffer.

(e)    Whether Robert Hamill is an employer of Plaintiff within the meaning of the FLSA.

(f)    Whether John Molanari is an employer of Plaintiff within the meaning of the FLSA.

(g)    Whether Plaintiff is entitled to attorneys' fees, and if so, how much should be awarded?

(h)    Whether liquidated damages should be awarded and, if so, how much should be awarded.

18.

Attached hereto as Attachment "F-1" for the plaintiff, Attachment "F-2" for the defendant, and Attachment "F-3", etc. for all other parties is a list of all the witnesses and their addresses for each party. The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have

9

been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

**The parties agree that the attached witness lists for both sides are preliminary.  The parties agree that they may amend their witness lists at any time before ten (10) days prior to the pretrial conference.**

19.

Attached hereto as Attachment "G-1" for the plaintiff, "G-2" for the Defendant, and "G-3", etc. for all other parties are the typed lists of all documentary and physical evidence that will be tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel is required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts. Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes. A courtesy copy of each party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits. When there are multiple plaintiffs or Defendant, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised.  Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included.  Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court.  Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial.

Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial.  Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

**The parties agree that the attached exhibit lists are preliminary. The parties may supplement or modify their lists at any time before ten (10) days prior to the pretrial conference.**

**Counsel shall exchange true and correct copies of their exhibits no later than twenty one (21) days prior to the pretrial conference in this matter.**

**Counsel for all parties reserve their objections to the opposing party's exhibits and will provide those objections to the Court and opposing counsel no later than ten (10) days prior to the pretrial conference in this matter.**

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

**The Parties will identify excerpts twenty-one (21) days prior to the pretrial conference in this case and counter excerpts will be exchanged fourteen (14) days prior to the pretrial conference.**

21.

Attached hereto as Attachments "H-1" for plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

11

**The Parties will exchange and file trial briefs at least ten (10) days prior to the pretrial conference in this matter.**

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial.  Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered.  In addition, each party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge.  For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

**Not Applicable.**

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

**Not Applicable.**

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side.  Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**Not Applicable.**

25.

If the case is designated for trial to the court without a jury, counsel is directed to submit proposed findings of fact and conclusions of law not later than the opening of trial.

26.

Pursuant to LR 16.3, lead counsel met in person on December 4, 2013, to discuss in good faith the possibility of settlement of this case.  The court (_____) has or (X) has not discussed settlement of this case with counsel.  It appears at this time there is:

> (__) A good possibility of settlement.

> (__) Some possibility of settlement.

> ( **X** ) Little possibility of settlement.

> (__) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

**The Parties do not request a special setting.**

28.

The Plaintiff estimates that it will require one (1) day to present his evidence. The Defendants estimate that they will require one (1) day to present their evidence.  The Parties anticipate the entire trial will take two (2) to three (3) days in total.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (X) submitted by stipulation of the parties or (___) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____ 2015.

_____
Honorable Richard W. Story
JUDGE, UNITED STATES DISTRICT COURT

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS**
**& FITZPATRICK, LLC**

3100 Centennial Tower                    */s/ Charles R. Bridgers*
101 Marietta Street                      Charles R. Bridgers
Atlanta, Georgia 30303                   Ga. Bar No. 080791
(404) 979-3150                           Kevin D. Fitzpatrick, Jr.
(404) 979-3170 (f)                       Ga. Bar No. 262375
charlesbridgers@dcbflegal.com            Matthew W. Herrington
kevin.fitzpatrick@dcbflegal.com          Ga. Bar No. 275411
matthew.herrington@dcbflegal.com
                                         Counsel for Plaintiff


                                         **WIMBERLY, LAWSON, STECKEL,**
                                         **SCHNEIDER & STINE, P.C.**

Suite 400, Lenox Towers                  */s/ J. Larry Stine*
3400 Peachtree Road, N.E.                J. Larry Stine
Atlanta, Georgia 30326                   Ga. Bar No. 682555
(404) 365-0900                           Elizabeth K. Dorminey
(404) 261-3707 (f)                       Ga. Bar No. 225935
jls@wimlaw.com
edorminy@bellsouth.net                   Counsel for Defendants

15

## **Attachment A**

**Not Applicable.**

## **Attachment B-1**

**Not Applicable.**

**<u>Attachment B-2</u>**

**Not Applicable.**

**Attachment C**

Attachment "C" is Plaintiff's outline of the case which includes a succinct factual summary of Plaintiff's cause of action and which shall be neither argumentative nor recite evidence:

## A.     Causes of Action

This is an action under the Fair Labor Standards Act, of 1938 (as amended) (29 U.S.C. § 201 *et seq.*) to recover damages for due but unpaid minimum wage and overtime compensation, plus additional like amounts as liquidated damages. Plaintiff further seeks to be reimbursed for his costs of litigation, including his reasonable attorney's fees.

Plaintiff alleges that Defendants willfully failed to pay him at a rate of pay above or equal to the minimum wage as established by the FLSA. Plaintiff further alleges that Defendants willfully failed to pay him at one and one half times his regular rate for work in excess of forty hours in a work week, in violation FLSA.

## B.     Summary of Facts

Defendants operate a nightclub under the name BJ Roosters, at 2043 Cheshire Bridge Road NE. Defendants employed Plaintiff as a bartender there from approximately May 2010 through July 2013. In this position, Plaintiff was not exempt from the minimum wage or overtime pay provisions of the FLSA. During the course of his employment with Defendants, Plaintiff regularly worked in excess of forty hours per week. Defendants failed to compensate Plaintiff at one-and-one-half times his regular rate for work performed in excess of 40 hours in any workweek. Further, Defendants regularly compensated Plaintiff at a rate of pay that was below the minimum wage established by the FLSA.

Plaintiff alleges that Defendants paid him no wages at all. He disputes Defendants' claims that they treated him as a customarily tipped employee, paying him minimum wage as reduced by the FLSA $5.12 tip credit, yielding $2.13 per hour. Defendants were not entitled to take advantage of the FLSA tip credit provision because they required Plaintiff to pay them kickbacks a condition of employment.

19

**C.     Supportive Authority**

**Fair Labor Standards Act, 29 U.S.C. §§ 201** *et seq.* (minimum wage establish; overtime wages established; tip credit established; liquidated damages in absence of good faith by employer; three-year statute of limitations for willful violations; reasonable costs of litigation and attorney's fees to prevailing plaintiff)

**29 C.F.R. § 531.35** (wages cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee.)

*Lee v. Flightsafety Servs. Corp.*, **20 F.3d 428 (11th Cir. 1994);** *Lynn's Food Stores, Inc. v. United States*, **679 F.2d 1350 (11th Cir. 1983)** (Neither an employee nor an employer can effectively waive or contractually abridge any of the provisions of the Fair Labor Standards Act)

*Morgan v. Family Dollar Stores*, **551 F.3d 1233 (11th Cir. 2008)** (A cause of action arising out of a willful violation of the FLSA may be commenced within three years after the cause of action accrued)

*Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, **515 F.3d 1150 (11th Cir. 2008)** (to prove willfulness, a plaintiff must establish that the defendant knew, or showed reckless disregard for, the fact that its conduct was forbidden by the FLSA.)

*McLaughlin v. Richland Shoe Co.*, **486 U.S. 128, 108 S. Ct. 1677 (1988)** (The standard of willfulness under the FLSA is that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute).

*Allen v. Bd. of Pub. Educ. for Bibb Cty.*, **495 F.3d 1306 (11th Cir. 2007) 2007)** ("[A]n employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then becomes the employer's, and it must bring forth either evidence of the precise amount of work performed or evidence to

negate the reasonableness of the inference to be drawn from the employee's evidence.")

*Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 471 (11th Cir. Fla. 1982) (An employer's failure to create and maintain legally required records has a legal consequence. "If the employer fails to produce such evidence . . . the court may then award damages to the employee, even though the result be only approximate.")

*Reich v. Southern New England Telecomms. Corp.*, 121 F.3d 58 (2d Cir. 1997) (Liquidated damages are not a penalty extracted by law, but compensation to the employee occasioned by the delay in receiving wages caused by the employer's violation of the FLSA.)

*Kreager v. Solomon & Planagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985) (Federal courts follow the "American Rule" that, absent a specific provision of Congress, a litigant may not recover attorney's fees; the FLSA does not specifically provide attorney's fees to prevailing defendants)

*Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464 (5th Cir. 1979) (tipped employees were entitled to the full minimum wage for every hour at issue where their employer used a portion of tips to meet minimum wage obligations)

*Marshall v. Gerwill, Inc.*, 495 F. Supp. 744, 753 (D. Md. 1980) ("retaining of tips by the [employees] cannot offset the failure to pay the applicable minimum wage.")

*Reich v. Chez Robert, Inc.*, 28 F.3d 401 (3d Cir. 1994) (back wage liability not reduced by tips actually received)

*Martin v. Tango's Restaurant, Inc.*, 969 F.2d 1319 (1st Cir. 1992); *Richard v. Marriott Corp.*, 549 F.2d 303 (4th Cir. 1977) (no retroactive application of the tip credit)

*Thornton v. Crazy Horse, Inc.*, 2012 U.S. Dist. LEXIS 82770, 47-48 (D. Alaska June 14, 2012) (failure to pay wages plus the requirement that employees pay kickbacks creates a "negative hourly rate" and must be repaid before payment of minimum wages can fully compensate the employee)

***Hart v. Rick's Cabaret Int'l, Inc***., **2014 U.S. Dist. LEXIS 160264 (S.D.N.Y. Nov. 14, 2014)** (where fines, fees, and "tip outs" taken from plaintiffs had the effect of reducing their wages below zero, those amounts must be added to the FLSA minimum wage judgment.)

***Reich v. Priba Corp***., **890 F. Supp. 586 (N.D. Tex. 1995)** (to fully compensate employees in the amounts required by the FLSA, the employer must pay them the full minimum wage for all time worked plus all fees collected from plaintiffs.)

**29 C.F.R. § 531.38** (taxes assessed against the employee and which are collected by the employer and forwarded to the appropriate government agency may be included as "wages.")

***Widjaja v. Kang Yue USA Corp***., **2011 U.S. Dist. LEXIS 109007, 2011 WL 4460642 (E.D.N.Y. Sept. 26, 2011)** (Taxes withheld from an employee's wage but not forwarded to the IRS cannot be included in the employee's wage in determining whether an employer has met minimum wage standards.)

Plaintiff reserves the right to supplement this authority as appropriate.

## D.     Damages

(1)     Due but unpaid minimum wages for each hour worked:
        Total compensable period: December 23, 2010 through June 10, 2013
        45 hours worked per week x 81 weeks = $26,426.25
        32 hours worked per week x 47 weeks = $10,904.00
        **Total minimum wages: $37,330.25**

(2)     Due but unpaid wages for overtime worked:
        5 hours per week x 81 weeks x $3.625 per hour overtime premium
        **Total overtime wages: $1,468.125**

(3)     Fees and fines
        $5.00 weekly cleaning fees x 128 weeks = $640
        Cash register shortage fines = $100
        **Total fees and fines: $740**

(4)  Liquidated damages in amount equal to the amounts of minimum wages and overtime pay awarded. 29 U.S.C. § 260. **Total liquidated damages: $39,538.375**

(5)  Plaintiff's costs of litigation including his reasonable attorneys' fees. If Plaintiff prevails on the underlying claim for due but unpaid minimum wages and overtime compensation, Plaintiff's entitlement to liquidated damages and Plaintiff's actual attorneys fees' and costs will be presented to the Court on motions, affidavits and briefs, 29 U.S.C. §216(b)

**Attachment D**

Plaintiff Richard Martin was employed by Defendants as a bartender at B.J. Rooster's.  The parties dispute how long Mr. Martin was employed. Plaintiff seeks back wages for periods during which he contends he was employed but not paid any wages at all.  Martin also alleges that during the period that Defendants agree he was employed, the tip credit was improperly applied to him, entitling him to back wages in the amount of $7.25 per hour for every hour worked.  He also asserts a claim for unpaid overtime, and seeks liquidated damages and attorneys' fees.

Defendants dispute Mr. Martin's claims.  Defendants contend that the tip credit was properly applied to Mr. Martin, and that he was properly compensated as a tipped employee for all hours worked, and was paid $2.13 per hour, plus tips, which caused his hourly wage to meet or exceed $7.25 per hour for every hour worked. Defendants deny that Mr. Martin ever worked more than 40 hours in any week, and thus deny that he is entitled to any overtime pay whatsoever. Defendants also deny that Mr. Martin is entitled to liquidated damages or attorneys' fees.

## Attachment E

Attachment E reflects all of the facts stipulated by the parties.

1.   This Court has subject matter jurisdiction over this action.

2.   Venue properly lies in the Northern District of Georgia.

3.   Jobo's, Inc. is a Georgia corporation.

4.   At all times relevant, Jobo's, Inc. has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

5.   At all times relevant, Jobo's, Inc. had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

6.   At all times relevant, Jobo's, Inc. had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

**7.**   In all relevant years (2010–2013), Jobo's, Inc. had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

25

## **Attachment F-1**

Plaintiff's list of all the witnesses and their addresses follows:

**Plaintiff will call at trial:**

1.   Richard Lee Martin
     c/o DeLong Caldwell Bridgers & Fitzpatrick, LLC
     3100 Centennial Tower
     101 Marietta Street, N.W.
     Atlanta, GA 30303-2720

**Plaintiff may call at trial:**

Pursuant to redaction rules, home addresses will be exchanged between counsel.

1.   Gary Drews
     c/o DeLong Caldwell Bridgers & Fitzpatrick, LLC
     3100 Centennial Tower
     101 Marietta Street, N.W.
     Atlanta, GA 30303-2720

2.   Social Security Administration (via designee)
     401 West Peachtree Street Northwest #2860
     Atlanta, GA 30308

3.   Chad Rike
     Decatur, GA

4.   Jeremy Sheffield
     Norcross, GA

5.   Shane Smith
     Ft. Lauderdale, FL

<u>**Attachment F-2**</u>

Defendants' list of all the witnesses and their addresses follows:

**Defendants will call at trial:**

1.  Robert Hamill
    c/o J. Larry Stine, Esq.
    Wimberly, Lawson, Steckel, Schneider & Stine, P.C.
    Suite 400 – Lenox Towers
    3400 Peachtree Road, N.E.
    Atlanta, Georgia  30326

2.  John Molinari
    c/o J. Larry Stine, Esq.
    Wimberly, Lawson, Steckel, Schneider & Stine, P.C.
    Suite 400 – Lenox Towers
    3400 Peachtree Road, N.E.
    Atlanta, Georgia  30326

**Defendants may call at trial:**

1.  Leslie Benish
    REMAX Metro Atlanta Cityside
    1189 S. Ponce De Leon Avenue, N.E.
    Atlanta, Georgia  30306

## Attachment G-1

Plaintiff's typed lists of all documentary and physical evidence that will be tendered at trial:

| P's No. | OFFERED | MARK | ADMIT | DESCRIPTION OF EXHIBITS AND WITNESSES |
|---------|---------|------|-------|----------------------------------------|
| 1 | | | | Form SSA-1826 Certified Itemized Statement of Earnings for Plaintiff (years 2010–2013) |
| 2 | | | | Photos of bartender schedules from BJ Roosters (11 pages) |
| 3 | | | | Photos of Plaintiff working at BJ Roosters |
| 4 | | | | Text messages between Plaintiff and BJ Roosters customer Chad Rike |
| | | | | |

**Attachment G-2**

Defendant's typed lists of all documentary and physical evidence that will be tendered at trial:

| Ds' No. | OFFERED | MARK | ADMIT | DESCRIPTION OF EXHIBITS AND WITNESSES |
|---|---|---|---|---|
| 1 | | | | Defendants' tax documents for the years 2010, 2011, 2012 and 2013 |
| 2 | | | | Defendants' payroll records for the years 2010, 2011, 2012 and 2013 |
| | | | | |

## Attachments H-1

Plaintiff's trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case.

**The Parties will exchange and file trial briefs at least ten (10) days prior to the pretrial conference.**

**Attachment H-2**

Defendants' counsel may file a trial brief containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case.

**The Parties will exchange and file trial briefs at least ten (10) days prior to the pretrial conference.**

## **Attachment I**

**Not applicable.**